CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 6, 2013

LETTER TO COUNSEL:

    RE:    *Charles Catterton, Jr. v. Commissioner, Social Security Administration*;
            Civil No. SAG-11-1056

Dear Counsel:

On April 22, 2011, the Plaintiff, Charles Catterton, Jr., petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 19). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Mr. Catterton filed his claims for benefits on October 24, 2007, alleging a disability onset date of May 17, 2000. (Tr. 111-17). His claims were denied initially on May 14, 2008, and on reconsideration on August 13, 2008. (Tr. 54-58, 61-64). A hearing was held on July 1, 2009 before an Administrative Law Judge ("ALJ"). (Tr. 19-48). Following the hearing, on August 28, 2009, the ALJ determined that Mr. Catterton was not disabled during the relevant time frame. (Tr. 8-18). The Appeals Council denied Mr. Catterton's request for review (Tr. 1-3), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Catterton suffered from the severe impairment of status post (s/p) burn with no motor deficit. (Tr. 13). Despite this impairment, the ALJ determined that Mr. Catterton retained the residual functional capacity ("RFC") to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). The claimant can lift and carry 10 pounds occasionally and frequently; stand and[/]or walk for 2 hours in an 8 hour day and sit 6 hours in an 8 hour day. The claimant can perform jobs in which he can occasionally stoop, crouch, crawl, squat, and climb stairs, but never climb ladders or scaffolds due to his leg injury. He can also perform jobs with or without the sit and/or stand option.

(Tr. 14). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Catterton could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 17-18).

Mr. Catterton presents three primary arguments on appeal: (1) that the ALJ erroneously analyzed listing 1.02 (joint dysfunction); (2) that the ALJ erroneously assessed his RFC; and (3) that the ALJ used a flawed hypothetical to elicit testimony from the VE. Each argument lacks merit.

With respect to listing 1.02, the ALJ expressly identified and evaluated the listing. (Tr. 14). The ALJ determined that Mr. Catterton had not established an "inability to ambulate effectively." *Id.* I agree. The burden of establishing that a claimant's impairments meet a listing rests with the claimant. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Mr. Catterton did not present any testimony at his hearing suggesting an inability to walk a block at a reasonable pace, use standard public transportation, or climb a few steps. (Tr. 19-48). The medical evidence from Dr. Barrish suggests that Mr. Catterton requires a single cane to walk, but a single cane does not establish an inability to ambulate effectively. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00B2b (generally defining "inability to ambulate effectively" as "having insufficient lower extremity functioning . . . to permit independent ambulation without the use of hand-held assistive device(s)" limiting the functioning of *both* upper extremities). Similarly, Dr. Tanman's report does not establish any of the criteria to demonstrate an inability to ambulate effectively. (Tr. 261-67). Because Mr. Catterton failed to meet his burden, I cannot find that the ALJ erred in her listing analysis.

Mr. Catterton's challenge to his RFC has three subparts. First, he makes a boilerplate argument, with no specific reference to the ALJ's opinion in his case, suggesting that the ALJ failed to provide a fully detailed narrative discussion of his RFC. Pl. Mot. 8-11. In fact, the ALJ provided a two page written narrative on the RFC alone, in which she summarized Mr. Catterton's hearing testimony, made a credibility determination, and analyzed the medical evidence of record. (Tr. 14-16). Mr. Catterton's boilerplate argument is therefore inapplicable in this case.

Second, Mr. Catterton contends that the ALJ failed to evaluate appropriately the reports of two consultative examiners, Drs. Barrish and Tanman. Pl. Mot. 11-13. It is clear from the ALJ's decision that she reviewed and considered the reports from both doctors, because she cited the reports while addressing the severity of Mr. Catterton's visual issues. (Tr. 13-14). The conclusions reached by both doctors are essentially consistent with the RFC permitting sedentary work. (Tr. 235-36) (noting that "the patient could sit for 8 hour [sic] per day"); (Tr. 264) ("The patient's ability to do work-related activities, such as sitting was alright without any problems"). Although the ALJ certainly could have provided more detail about her analysis of the consultative examinations, because the RFC accorded with the doctors' conclusions, remand is unwarranted.

The third RFC subargument is that the ALJ erroneously evaluated Mr. Catterton's need for a cane. Pl. Mot. 13-14. Under SSR 96-9p, medical documentation is required to find that a hand-held assistive device is medically required. 1996 WL 374185, at *7. In fact, the ALJ made no express determination whether or not Mr. Catterton required a cane for ambulation. Instead, the ALJ twice stated that Dr. Tanman had found that Mr. Catterton did not need a cane. (Tr. 14, 16). In addition, the ALJ noted that there was no prescription in the record for a cane. (Tr. 16). Given the RFC for sedentary work, any error in omitting the need for a hand-held assistive device is harmless, because by definition, little standing or walking is required to perform sedentary jobs. *See Boyd v. Astrue,* 2011 WL 3652299, at *2 (D.S.C. Aug. 17, 2011) ("Even assuming that Plaintiff does require a cane, there is no indication that use of a cane would prevent Plaintiff from performing the minimal standing, walking and carrying requirements of sedentary work.").

Mr. Catterton's final argument is that the ALJ presented a deficient hypothetical question to the VE. The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98–1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540–41 (9th Cir. 1988). The ALJ's determination not to include the need for a hand-held assistive device is therefore valid for the reasons discussed above. Mr. Catterton correctly notes an inconsistency between the RFC and the hypothetical. The ALJ posed a hypothetical individual who "can stand and walk in excess of two hours a day but less than six," but in the RFC determined that Mr. Catterton "can stand and or walk for 2 hours." (Tr. 44, 14). That discrepancy is immaterial, because the RFC limited Mr. Catterton to sedentary work, and the VE responded with sedentary positions. By definition, sedentary work requires less than two hours of standing and walking. *See* Social Security Ruling (SSR) 96-9p at 157 (recognizing that a person who "can stand and walk for a total of slightly less than 2 hours per 8-hour workday" is capable of sedentary work). Therefore, the ALJ properly relied on the VE's testimony.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 15) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 19) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge